**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WENDY CHENEY,** on behalf
of the United States of America,
      Plaintiff relator,

v.

IINN, Inc.,                                           "DEMAND FOR JURY TRIAL"

      Defendant.
_____/

**GAFKAY & GARDNER, PLC,**
By:    **JULIE A. GAFKAY (P53680)**
        **TRAVIS I. DAFOE (P73059)**
**Attorneys for Wendy Cheney**
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com

_____/

**QUI TAM COMPLAINT**

     RELATOR, WENDY CHENEY, brings this qui tam action in the name of the Unites States of America, through her attorneys, GAFKAY & GARDNER, PLC and alleges as follows:

## BACKGROUND INFORMATION

1. This is an action by qui tam Relator Wendy Cheney, on behalf of the United States, against IINN Inc. to recover penalties and damages arising from IINN's failure to report overpayments. Ms. Cheney worked as medical biller for IINN from April 4, 2011 through July 14, 2011. During that time, she was instructed not report overpayments. She informed her supervisor that the law required it, and was constantly told to not report overpayments. Her discharge came one day after she contacted Medicare to inform it that they had made payment as primary when they were in fact secondary payers. IINN is aware of the overpayments. It keeps track of the specific amounts of overpayment in its books, however, it will only issue a refund if requested by the insurer.

## PARTIES

2. Relator, Wendy Cheney, is a resident of the City of Flint, County of Genesee, and the State of Michigan.

3. Defendant, IINN Inc., is a Michigan Domestic Profit Corporation. It conducts business and has as its primary business location 4800 Saginaw Street, in the City of Flint, Genesee County, Michigan.

4. Amer Iqbal is IINN's resident agent and can be served at 4800 Saginaw Street, Flint, Michigan 48507.

**JURISDICTION AND VENUE**

5. This claim arises under the False Claims Act, 31 U.S.C. §§ 3729 - 3733 (2010).

6. This Court maintains subject matter jurisdiction over this action under 31 U.S.C. § 3732(a), False Claims Act, and 28 U.S.C. § 1331, Federal Question Jurisdiction.

7. Venue is proper in this Court under 31 U.S.C. § 3732(a) because: (1) IINN resides in the district; (2) IINN transacts business in this district and did so at all times relevant to this complaint; and (3) as alleged in this complaint, committed actions prohibited by 31 U.S.C. § 3729 in this district.

8. Before filing this complaint, Ms. Cheney served a copy of this complaint to the United States, along with a written disclosure statement setting forth and enclosing all material evidence and information she possesses, as required by 31 U.S.C. § 3730(b)(2).

9. Ms. Cheney has complied with all other conditions precedent to bringing this action.

10. Ms. Cheney is the original source of, and has direct and independent knowledge of, all publicly disclosed information that these allegations are based, and has voluntarily provided such information to the Government before filing this action. The information includes her knowledge of billing practices and procedures that IINN has utilized to overcharge and keep refunds.

## FACTUAL ALLEGATIONS

11. 42 U.S.C. §1320a-7j(d) requires a person who has received overpayment of Medicare or Medicaid payments to report and return the overpayment.

12. IINN and Lindsay Blust do the medical billing for: Insight Physical Therepy and Neuro-Rehab Center; The doctors at IINN; and two doctors from Illinois, Dr. Shah's brother-in-law, who is a physician in Illinois, and Dr. Malik.

13. Overpayments that Plaintiff saw included overpayments because medical billers had noticed billing errors, Medicare paid as the primary when they should have been the secondary, and incorrect CPT codes.

14. Plaintiff witnessed overpayments because of coding errors during the course of her employment. examples include: billing for wrong place of service that would result in overpayment; submitted duplicate claims that resulted in overpayments; claims for services that do not meet CMS medical necessity criteria; improper billing or coding practices, such as using the same code twice on one claim, when it specifically states it is used for bilateral or unilateral services; Medicare and Medicaid paying as primary when they should have been secondary payer.

15. Plaintiff attended billing meetings. At one meeting, Lindsay Blust asked, IINN's vice president, Amer Iqbal, what should be done with overpayments. Mr. Iqbal responded that nothing should be done with

them right now. Dr. Shah, IINN's president, and Ashley Leach, operations director, where also present at these meetings.

16. Lindsay Blust had a folder on her desk for overpayments. The folder was more than an inch thick. However, nothing has been done about an overpayment since 2007. In eClinicalWorks, the software used by IINN, the amounts of overpayments were set up and notated as refunds due. Yet nothing was done.

17. The practices and procedures that Plaintiff saw have resulted in overpayments. These overpayments were known to the Defendant and not reported as required by law, contract, regulation, or practice.

## COUNT I - VIOLATION OF FEDERAL FALSE CLAIMS ACT

18. Plaintiff incorporates paragraphs 1 - 17.

19. As described by this complaint, Defendant IINN, by its agents, officers, representatives, and employees: (i) knowingly presented, or caused to presented, or failed to report false or fraudulent claims to the federal government; (ii) knowingly failed to report overpayments as required by law.

20. Defendant IINN authorized or ratified the violations of False Claims Act committed by it various agents, officers, representatives, and employees.

21. The United States Government and the public have been damaged as a result of Defendant IINN's violations of the False Claims Act.

22. Ms. Cheney's request for a jury trial on issues so triable.

RELATOR, Wendy Cheney, on behalf of herself and the United States Government asks:

(i) that this court enter a judgment against Defendant in an amount equal to three time the amount of damages the Unites States has sustained as a result of Defendant's violations of the False Claims Act;

(ii) that this court enter a judgment against Defendant for a civil penalty of $10,000 for each of Defendant's violations of the False Claims Act;

(iii) that Relator, Wendy Cheney, recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(iv) that Relator, Wendy Cheney, be awarded all reasonable attorney's fees in bringing this action;

(v) that in the event the United State Government proceeds with this action, Relator, Wendy Cheney, be awarded an amount for bringing this action at least 15% but not more than 25% of the proceeds of the action;

(vi) that in the event the United States Government does not proceed with this action, Relator, Wendy Cheney, be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of the action;

(vii) that Relator, Wendy Cheney, be awarded prejudgment interest;

(viii) that a trial by jury be held on all issues so triable; and

(ix) the Relator, Wendy Cheney, and the Unites States of America receive all relief that either or both are entitled to at law or in equity.

## JURY DEMAND

Relator requests that all issues that are triable to a jury be presented to a jury for deliberation and decision consistent with the law.

Respectfully Submitted

GAFKAY & GARDNER, PLC

Dated: 8-31-11               s/ Julie A. Gafkay
                             JULIE A. GAFKAY (P53680)
                             TRAVIS I. DAFOE (P73059)
                             Attorneys for Wendy Cheney
                             175 S. Main Street
                             Frankenmuth, Michigan 48734
                             (989) 652-9240
                             jgafkay@gafkaylaw.com