UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
WENDY CHENEY,

        Plaintiff,

                              Case Number 11-13804
v.                              Honorable David M. Lawson

IINN, Inc.,

        Defendant.
_____/

**ORDER DENYING *EX PARTE* APPLICATION TO ENLARGE TIME TO CONSIDER ELECTION TO INTERVENE, DIRECTING ADDITIONAL SUBMISSION BY THE GOVERNMENT, AND CONTINUE ORDER PLACING FILE UNDER SEAL**
**(Under Seal)**

On August 31, 2011, relator Wendy Cheney filed this action under the False Claims Act, 31 U.S.C. § 3729 *et seq.* On September 9, 2011, the Court entered an order in accordance with 31 U.S.C. § 3730(b)(2) placing the matter under seal for a period of sixty days and directing that the government review the matter and elect whether to intervene and proceed with the action. The date for the government's response was November 21, 2011.

On November 21, 2011, the government presented an *ex parte* application to extend time for electing whether to intervene, seeking an additional four months to make its decision and requesting the matter remain under seal for that period. In the alternative, the government stated that it would not intervene "at this time," and it seeks to reserve its right to intervene sometime in the future. In support of the motion, which is uncontested, the government states that the case involves possible fraudulent Medicare billing and fraud perpetrated against federal health programs. The government stated that it has "begun the process of collecting the Medicare billing data from its contractor," and there is a "large quantity" of data "for the named defendants." There is but a single defendant in the

case. However, the government then explains that it needs more time to determine if fraud was committed, and if so, the amount involved.

The pertinent statutory section directs the Court to seal the complaint "for at least 60 days" after initial filing, but requires the government to "elect to intervene and proceed with the action within 60 days after it receives" the file materials, including the *qui tam* complaint. 31 U.S.C. § 3730(b)(2). Additional time may be obtained by the government in accordance with 31 U.S.C. § 3730(b)(3), which states:

> The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

31 U.S.C. § 3730(b)(3).

Under that section, extensions of time are not automatically granted as a matter of routine; good cause must be demonstrated. *United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the required tasks within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). It may do so by advancing specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances that would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. Generalizations and conclusory allegations will not suffice. *Ibid*.

In this case, the government has explained only that it has "begun the process of collecting data" and that additional time is necessary to determine if it desires to intervene. However, the government has not provided any information concerning the volume of data, its location, the

number of witnesses that must be interviewed (if any), the extent of that undertaking, the scope of the investigation it contemplates before electing whether to intervene in this case, when it began its efforts in relation to the date it was served with the *qui tam* complaint, or any other specific information from which the Court can assess the government's diligence thus far or the magnitude of the task ahead. Yet the government asks for twice the time permitted by the statute to make its election, while the case would languish on this Court's docket with no progress toward a resolution. The government's showing is not adequate to support the extent of the relief requested.

The government's proposed alternative — that it be deemed to have elected not to intervene while reserving the right to do so later — is not acceptable. The statutory procedure fixes a time for the government to *make* a decision, not to put off making one. The procedure permits that time period to be expanded if a modicum of effort is invested in assembling facts from which good cause might be determined. The idea that the government could elect not to intervene "at this time" and then attempt to reverse its decision down the road is no more than an attempted end run around the timetable established by Congress in the False Claims Act. The government, of course, is entitled to refrain from involvement in the lawsuit, and presumably such a decision would be informed by the facts. Putting off that decision without a reasonable attempt to show why more time is needed to discover the facts in not an option.

The government is not foreclosed, however, from offering additional information in support of its requests. Because the investigation may be compromised if the case is ordered unsealed and served before the government makes its election under 31 U.S.C. § 3730(b)(4), the Court will continue the seal order for an additional four weeks. The Court will enlarge the government's

election time by that period as well, subject to any properly-documented supplemental request for further enlargement.

Accordingly, it is **ORDERED** that the *ex parte* application for a four-month extension of time to consider election to intervene is **DENIED**.

It is further **ORDERED** that the case shall remain under seal through **January 31, 2012**, or until further order of the Court.

It is further **ORDERED** that the government shall make its election to proceed with the action or notify the Court that it declines unconditionally to take over the action, as required by 31 U.S.C. § 3730(b)(4), on or before **January 31, 2012**, or such further time as the Court may grant upon a proper showing with submission of facts in support of its claim of good cause.

                                             s/David M. Lawson
                                             DAVID M. LAWSON
                                             United States District Judge

Dated: January 3, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 3, 2012.

                             s/Deborah R. Tofil
                             DEBORAH R. TOFIL