UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
WENDY CHENEY,

    Plaintiffs,        Case Number 11-13804
                  Honorable David M. Lawson

v.

IINN, Inc.,              **FILED UNDER SEAL**

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION FOR PARTIAL LIFT OF SEAL AND FOR ENLARGEMENT OF SEAL

The matter is before the Court on the government's motion for partial lift of seal and for enlargement of seal period through April 6, 2012. The government asks the Court to extend the time the complaint remains under seal to allow it sufficient time to arrive at an informed decision regarding whether to intervene. The pertinent statutory section directs the Court to seal the complaint "for at least 60 days" after initial filing, but requires the government to "elect to intervene and proceed with the action within 60 days after it receives" the file materials, including the *qui tam* complaint. 31 U.S.C. § 3730(b)(2). Additional time may be obtained by the government in accordance with 31 U.S.C. § 3730(b)(3), which states:

> The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

31 U.S.C. § 3730(b)(3).

Under that section, extensions of time are not automatically granted as a matter of routine; good cause must be demonstrated. *United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the required tasks within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). It may do so by advancing specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances that would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. Generalizations and conclusory allegations will not suffice. *Ibid*.

The government asserts that it has interviewed the relator, contacted the relevant medicare contractor to discuss the coding and billing data, conducted several conference calls with fraud investigators, and spent considerable time reviewing the billing and payment history for one particular neuro-surgical patient who the relator referenced as a prime example of the defendant's improper billing. The government also indicates that its investigator is reviewing a report on selected patients of the defendant that specifies the amounts billed and paid and the amounts rejected with reasons for rejection. The government believes that it will be ready to make its decision on intervening once the review is complete. The Court finds that the facts presented by the government demonstrate a reasonable justification for its failure to complete the investigation and make its election within the 60-day statutory period, and establish good cause for the extension.

The government also asserts that the relator has filed a wrongful termination lawsuit in state court against the defendant and that she is scheduled to be deposed in the state action within the next twenty days. The relator expects to be asked during her deposition whether she has filed a *qui tam* against the defendant. The government asks the Court to partially lift the seal so the relator may

disclose the existence of the *qui tam* complaint. The government contends that a partial lift of the seal to disclose the existence of this *qui tam* action is not likely to hinder the ongoing investigation. The Court believes that the government has shown good cause to lift the seal to disclose the existence of this *qui tam* action to the defendant if that inquiry is made during her deposition.

Accordingly, it is **ORDERED** that the government's motion for partial lift of seal and for enlargement of seal period [dkt. #6] is **GRANTED**.

It is further **ORDERED** that the government shall make its election to proceed with the action, or notify the Court that it declines to take over the action, as required by 31 U.S.C. § 3730(b)(4), on or before **April 6, 2012.**

It is further **ORDERED** that this matter shall remain under seal through April 6, 2012, or until further order of the Court, except that the seal is partially lifted so that, if necessary, there may be a disclosure of the existence of this *qui tam* complaint to the named defendant only.

s/David M. Lawson
DAVID M. LAWSON
United States District Court

Dated: February 2, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 2, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL